UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

DAVID SCOTT HARRISON,

    Plaintiff,

v.

JEFFREY BEARD, et. al.,

    Defendants.

Case No. 16-cv-1880-NJV (PR)

**ORDER OF SERVICE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend on July 11, 2016. (Doc. 7.) Plaintiff filed an amended complaint on July 21, 2016. (Doc. 8.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'"'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff, a male, presents an equal protection violation based on the differing treatment of women at female institutions.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim).  Classifications such as those based on gender, are "subject to somewhat heightened review" and "will survive equal protection scrutiny to the extent they are substantially related to a legitimate state interest." *Id*. at 441.

1    Plaintiff argues that he is denied certain clothing, foods, drinks, objects, and appliances
2 from vendors that female inmates with a similar classification status at other prisons can purchase.
3 He contends that the denial of certain items from similarly situated individuals is unconstitutional.
4 This is sufficient to proceed at the screening stage. *See Gonzalez v. Mullen*, 2013 WL 1333560
5 (N.D. Cal. March 29, 2013)

## CONCLUSION

1. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the amended complaint with attachments and copies of this order on defendants: Scott Kernan, Secretary of CDCR and Jeffrey Beard, former Secretary of CDCR.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

1 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
2 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

3     If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
4 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
5 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
6 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

7     d.  If defendants wishes to file a reply brief, they shall do so no later than fifteen
8 days after the opposition is served upon them.

9     e.  The motion shall be deemed submitted as of the date the reply brief is due.  No
10 hearing will be held on the motion unless the Court so orders at a later date.

11     3. All communications by plaintiff with the Court must be served on defendants, or
12 defendants' counsel once counsel has been designated, by mailing a true copy of the document to
13 defendants or defendants' counsel.

14     4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
15 further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties
16 may conduct discovery.

17     5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
18 informed of any change of address by filing a separate paper with the clerk headed "Notice of
19 Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to
20 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
21 Civil Procedure 41(b).

22 **IT IS SO ORDERED.**

23 Dated: August 10, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.